IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02348-MSK-KLM

KRISTI GRABENSTEIN,

    Plaintiff,

v.

ARROW ELECTRONICS, INC., a New York corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Sanctions** [Docket No. 70; Filed February 8, 2012] (the "Motion"). On March 5, 2012, Defendant filed a Response [#77]. On March 22, 2012, Plaintiff filed a Reply [#79]. The Court has reviewed the Motion, the Response, the Reply, the case file, and applicable case law and is sufficiently advised in the premises.

**I. Background**

In short, "Plaintiff is claiming that Defendant, her former employer, failed to accommodate her disability and that it discriminated against her because of that disability by terminating her employment." *Motion* [#70] at 1. In the Motion, Plaintiff requests sanctions due to Defendant's "deletion of electronically stored information that it was required to retain and for its consequent failure to produce copies of that electronically stored information in response to Plaintiff's written discovery requests." *Id.* Specifically,

Plaintiff seeks: (1) Plaintiff's reasonable attorneys' fees and costs expended in connection with this Motion; (2) "[a]n order determining, for purposes of this case, that Defendant instructed [an insurer] to deny Plaintiff's application for short-term disability benefits, effective August 4, 2008;" (3) "[a]n order determining, for purposes of this case, that Plaintiff submitted a letter from her physician, authorizing her to return to work, on or about September 2, 2008;" (4) if the Court does not grant (2) and (3), "an order that the jury be instructed that it should draw an adverse inference from Defendant's deletion of the evidence described herein." *Motion* [#70] at 7.

The background facts underlying the case are largely uncontested. *See Motion* [#70] at 1-2; *Response* [#77] at 3-4; *Reply* [#79] at 1. On April 28, 2008, Plaintiff informed Defendant, her employer, that she needed to go on short-term disability leave, effective immediately, because of a nodule found on her lung. *See id.* That same day, her physician wrote a note stating that Plaintiff "needs to be off of work starting immediately to deal with medical issues, . . . with an indeterminate date for return at this time." *See id.* On May 5, 2008, Defendant informed Plaintiff that she had exhausted her available leave under the Family Medical Leave Act and that Defendant could not guarantee that her position would remain open until such time as she could return to work. *See id.* Defendant also told Plaintiff that she would remain an employee of Defendant solely for benefits purposes for a period of one year or until she was no longer eligible for disability benefits, whichever occurred first. *See id.* Defendant filled Plaintiff's position on June 27, 2008. *See id.* On July 17, 2008, Plaintiff told Defendant that she was released to return to work as of August 4, 2008, which was later changed to September 2, 2008. *See id.* On September 8, 2008, a member of Defendant's Human Resources department contacted Plaintiff's short-term

disability benefits provider, MetLife, and was informed that Plaintiff's short-term disability benefits ended as of August 4, 2008. *See id.* Defendant then sent a letter to Plaintiff stating that because her benefits ended on August 4, 2008 and because her position had been filled, Defendant would use August 4, 2008 as her official termination date for the purpose of Plaintiff's request for unemployment benefits. *See id.*

With respect to the controversy underlying the Motion, Plaintiff asserts that Defendant should have retained copies of all e-mail messages exchanged between Defendant and MetLife concerning Plaintiff as well as copies of any of Defendant's internal e-mail messages related to Plaintiff's application for and receipt of short-term disability leave. *See Motion* [#70] at 3. Defendant's counsel stated in a letter to Plaintiff's counsel that all e-mails from early or mid-2008 not otherwise retained were purged from Defendant's system at some unspecified time prior to January 2009.[1] *See Pl.'s Ex I, Letter from Def.'s Counsel to Pl.'s Counsel, dated Nov. 11, 2011* [#70-9] at 2. Plaintiff argues that Defendant has not provided any actual evidence in support of this assertion. *Motion* [#70] at 6.

On an unspecified date after the start of this litigation, MetLife produced to Plaintiff a copy of its file concerning Plaintiff's application for short-term disability benefits in 2008. *See Motion* [#70] at 3. The file included a series of e-mail messages between MetLife and Defendant's employees relating to Plaintiff's short-term disability benefits, along with summaries of all other activity taken in relation to her file. *Id.*; *Ex. 6 to Response* [#77-6]

---

[1] Plaintiff filed her Charge of Discrimination with the EEOC on January 8, 2009, and the EEOC sent Defendant a notice of the filing of the Charge on January 13, 2009. *Pl.'s Ex. J, Notice* [#70-10].

Defendant admits that it retained none of the e-mails produced by MetLife.  *See Response* [#77] at 5.

## II.  Analysis

Spoliation of evidence is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *Cache La Poudre, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 613 (D. Colo.2007) (citations omitted).  "A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."  *Burlington Northern and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) (citing *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 989 (10th Cir. 2006)).  The movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it.  *In re Krause*, 367 B.R. 740, 764 (D. Kan. 2007) (citation omitted).

**A.   Existence of Evidence**

A prerequisite to deciding whether spoliation occurred is determining whether Plaintiff has produced evidence that relevant e-mails are, in fact, missing.  *See Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1251 (10th Cir. 2010); *see also Jandreau v. Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007) (stating that the burden of proof is on the party seeking to use the missing evidence).  The parties have produced internal e-mails and e-mails between Plaintiff and Defendant's employees with the following dates: April 28,

29, 30, 2008; May 5, 6, 9, 13, 14, 2008; July 17, 18, 29, 2008 September 4, 8, 2008.[2] *See Ex. A to Motion* [#70-1]; *Ex. E to Motion* [#70-5]; *Ex. 2 to Response* [#77-2]; *Ex. 3 to Response* [#77-3]; *Ex. 5 to Response* [#77-5].  The parties have also produced e-mails sent to and from MetLife in connection with Plaintiff's short-term disability claim, with the following dates: May 5, 8, 14, 27, 28, 30, 2008; June 12, 24, 30, 2008; July 30, 2008; and September 17, 2008.[3]  *See Ex. 6 to Response* [#77-6] at 3, 7, 11, 13, 16, 23, 32, 34, 40, 43, 66.  However, Plaintiff argues that Defendant cannot:

> . . . plausibly assert that those are the only e-mail messages between its employees and MetLife, since it does not know what e-mail messages were exchanged.  In addition, there is no basis for it to assert that there never existed any internal e-mail messages, discussing Plaintiff's application for short-term disability benefits, which it later destroyed.  It has no basis for making any such assertions, or for any other of its assertions, because it does not know and cannot ascertain whether those assertions are accurate.

*Reply* [#79] at 7.

Plaintiff contends that Defendant doesn't know whether other e-mails exist; unfortunately, Plaintiff doesn't know either, and Plaintiff has the burden of proof. *In re Krause*, 367 B.R. at 764.  Although it is clear that Defendant destroyed the e-mails to or from Defendant that were produced by MetLife, it is fatally unclear that any other e-mails exist.  The Court may not speculate on this issue.  As the Tenth Circuit noted in *Oldenkamp*, "This is a naked invitation for this court to speculate first that there is something missing and second that what is missing might be of evidentiary value."

---

[2] Other internal e-mails may have been produced between the parties, but these are the e-mails that have been provided to the Court for the purpose of resolving the Motion.

[3] This appears to be MetLife's complete log of all activity regarding Plaintiff's short-term disability benefits between April 30, 2008 and September 12, 2011, including telephone calls and other activities.

*Oldenkamp*, 619 F.3d at 1251. Plaintiff has not provided the Court with any evidence to support her allegation that additional e-mails existed. Accordingly, the Court is unable to find that unknown e-mails are missing because they were destroyed by Defendant.

With respect to the MetLife e-mails, Plaintiff similarly argues that "Defendant has no basis for asserting that the e-mail messages listed in the MetLife claim summary log contain the full and complete text of all those e-mail messages . . . because it does not know and cannot ascertain whether those assertions are accurate." *Reply* [#79] at 7. There is no reason for the Court to presume that the MetLife claim summary log is incomplete or has been adulterated. *See Ex. 6 to Response* [#77-6] at 3, 7, 11, 13, 16, 23, 32, 34, 40, 43, 66. Plaintiff does not provide any evidence to support her assertion that MetLife's records are only partial records of the e-mails it exchanged. As the Court has already noted, Plaintiff has the burden of providing such evidence; "naked" assertions simply will not suffice. *See Oldenkamp*, 619 F.3d 1251; *Jandreau*, 492 F.3d at 1375. Accordingly, the Court is unable to find that the e-mails produced by MetLife are incomplete and that Defendant destroyed the only complete versions of those e-mails.

**B.      Duty to Preserve**

As already discussed, the parties have produced evidence of e-mails sent to and from MetLife in connection with Plaintiff's short-term disability claim. *See Ex. 6 to Response* [#77-6] at 3, 7, 11, 13, 16, 23, 32, 34, 40, 43, 66. They do not dispute that these e-mails were preserved by and produced by MetLife and that Defendant is no longer in possession of these messages. The next issue, then, is whether Defendant had a duty to preserve the e-mails in question.

Plaintiff asserts two arguments with respect to Defendant's duty to preserve.

Plaintiff argues that Defendant had a duty to preserve e-mails pursuant to the spoliation doctrine as promulgated by *Burlington Northern*, 505 F.3d at 989. The timing of deletion of the e-mails factors into the Court's analysis of whether Defendant was required to preserve the documents pursuant to that doctrine. *See Motion* [#70] at 4-5. Plaintiff also argues that the e-mails were personnel and/or employment records within the meaning of 29 C.F.R. § 1602.14 and, therefore, that Defendant had a duty to preserve them before the onset of this litigation. *Id.*

Turning to the spoliation doctrine first, "in most cases, the duty to preserve evidence is triggered by the filing of a lawsuit. However, the obligation to preserve evidence may arise even earlier if a party has notice that future litigation is likely." *Cache La Poudre Feeds, LLC*, 244 F.R.D. at 621 (citations omitted). That is, "[w]hile a party should not be permitted to destroy potential evidence after receiving unequivocal notice of impending litigation, the duty to preserve relevant documents should require more than a mere possibility of litigation." *Id.* (citation omitted). Therefore, "[u]ltimately, the court's decision must be guided by the facts of each case." *Id.*

Accordingly, the Court examines the time line and the facts of this case. The EEOC notice to Defendant of the filing of Plaintiff's Charge of Discrimination is dated January 13, 2009. *See Pl.'s Ex. J, Notice* [#70-10]. Assuming three days mailing time, the earliest Defendant was on notice of a potential lawsuit was January 16, 2009. The parties have provided no indication that Defendant should have anticipated litigation any earlier than the date when it received notice of Plaintiff's discrimination charge. *See Pl.'s Ex I, Letter from Def.'s Counsel to Pl.'s Counsel, dated Nov. 11, 2011* [#70-9] at 2 (stating that Defendant issued a litigation hold in January 2009 upon notification of Plaintiff's Charge of

Discrimination filed with the EEOC). Indeed, Plaintiff offers no evidence or argument as to whether Defendant should have earlier anticipated litigation by Plaintiff. Instead Plaintiff argues that:

> Defendant has failed to provide any information as to when [it] deleted those e-mail messages and in particular whether it deleted them before or after it received a copy of a notice from the EEOC about Plaintiff's charge of employment discrimination. As a result, this Court has only the unsworn statements of a third-party attorney, a person without first-hand knowledge about these issues, concerning the deletion of those e-mail messages.

*Reply* [#79] at 2. Because Defendant's counsel is an attorney and an officer of the Court, the Court is entitled to rely on the veracity of his statements. *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir.1996). Regardless, Plaintiff has not provided any evidence that Defendant deleted e-mails after the litigation hold was imposed. As such, there is no evidence before the Court that Defendant destroyed e-mails on or after January 16, 2009. Plaintiff has not met her burden of proving, by a preponderance of the evidence, that Defendant failed to preserve evidence that it was under a duty to preserve or that it otherwise destroyed the evidence. *See, e.g.*, *Ernest v. Lockheed Martin Corp.*, No. 07-cv-02038-WYD-KLM, 2008 WL 2945608, *1 (D. Colo. July 28, 2008). The Court therefore finds that Plaintiff has failed to establish that Defendant destroyed or failed to preserve evidence it was under a duty to preserve based on knowledge of impending litigation pursuant to the spoliation doctrine as promulgated by *Burlington Northern*, 505 F.3d at 989.

Plaintiff further argues that Defendant was obligated to preserve the e-mails in question even before it had notice of impending litigation, pursuant to 29 C.F.R. § 1602.14, and that failure to adhere to its obligation is also grounds for a spoliation inference. *See, e.g.*, *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 109 (2d Cir. 2001) ("[W]here,

as here, a party has violated an EEOC record-retention regulation, a violation of that regulation can amount to a breach of the duty necessary to justify a spoliation inference in an employment discrimination action.").

In relevant part, 29 C.F.R. § 1602.14 states:

> **Any personnel or employment record** made or kept by an employer (including but not necessarily limited to **requests for reasonable accommodation, application forms submitted by applicants and other records having to do with hiring, promotion, demotion, transfer, lay-off or termination, rates of pay or other terms of compensation, and selection for training or apprenticeship**) shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later. In the case of involuntary termination of an employee, the personnel records of the individual terminated shall be kept for a period of one year from the date of termination.

29 C.F.R. § 1602.14 (emphasis added). In short, then, 29 C.F.R. § 1602.14 "requires an employer covered by [the ADA] to retain all personnel records for [one year] after they are created and, when a charge of discrimination has been filed against the employer, to retain all records relevant to the charge until the dispute is resolved." *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 78 n.35 (1984); 29 C.F.R. § 1602.14.

Plaintiff contends that the MetLife e-mails fall squarely into the type of record contemplated by the phrase "any personnel or employment record made or kept by an employer" in 29 C.F.R. § 1602.14.[4] Defendant argues that employers are not required to preserve "every single document or e-mail pertaining to a particular employee that was created over the course of the individual's employment." *Response* [#77] at 6. Neither

---

[4] "Personnel records" is not explicitly defined by the regulations beyond the examples provided within 29 C.F.R. § 1602.14 itself. *See Martinez v. Abbott Labs.*, 171 Fed. App'x 528, 531 (7th Cir. 2006).

party has provided supporting authority directly on point given the circumstances of this case.

First, the Court determines whether short-term disability benefits fall directly within 29 C.F.R. § 1602.14. Plaintiff argues that benefits are directly referenced by the phrase "other terms of compensation" in the regulation. Indeed, many courts have addressed short-term disability benefits as a type of compensation enjoyed by employees. *See, e.g.*, *Clayton v. Pioneer Bank*, No. CIV 07-0680 JB/LAM, 2008 WL 5787472, at *4, 16 (D.N.M. Dec. 31, 2008) (discussing the defendant employer's "company policies and practices with regard to the payment of short-term disability compensation benefits"); *Adamson v. Unum Life Ins. Co. of Am.*, No. 2:98 CV 0286 ST., 2001 WL 35816762, at *1 (D. Utah May 30, 2001) (discussing the plaintiff's "salary or other compensation, including short-term disability benefits"); *Bowers v. Multimedia Cablevision, Inc.*, No. CIV.A 96-1298-JTM, 1998 WL 856074, at *5 (D. Kan. Nov. 3, 1998) (stating that the plaintiff employee's short-term disability benefits were sixty percent of his usual rate of compensation); *Haworth v. Procter & Gamble Mfg. Co.*, No. Civ.A. 97-2149-EEO, 1998 WL 231062, at *2 (D. Kan. Apr. 30, 1998) (discussing payment by the defendant employer of short-term disability benefits). Moreover, the common sense meaning of "employee benefits" includes the well-accepted notion that they are, in fact, a form of compensation for work performed. The Court therefore finds that short-term disability benefits are one of the "other terms of compensation" contemplated by 29 C.F.R. § 1602.14.

Defendant argues that, even if the regulation does cover short-term disability benefits, not every document generated in connection with such benefits is a "personnel or employment record" pursuant to 29 C.F.R. § 1602.14. However, at least some, if not all,

of the e-mails preserved by MetLife clearly relate to whether Plaintiff was entitled to short-term disability benefits. *See, e.g.*, *Ex. 6 to Response* [#77-6] at 25 (discussing Plaintiff's return-to-work date), 43 (discussing Plaintiff's requested extension for short-term disability benefits). Thus, at least some, if not all, of the MetLife e-mails in question involve "other terms of compensation," and are therefore personnel or employment records that should have been preserved by Defendant.[5]

Accordingly, the Court finds that Defendant violated its obligation to retain portions of Plaintiff's "personnel or employment record(s)" pursuant to 29 C.F.R. § 1602.14 when it deleted e-mails relating to her entitlement to disability benefits.

**C.     Sanctions**

Plaintiff argues that Defendant destroyed the e-mails in bad faith and, therefore, that the Court should permit an inference at trial that the information in the e-mails was adverse to Defendant's case. Alternatively, Plaintiff seeks an order from the Court determining that "Defendant instructed MetLife to deny Plaintiff's application for short-term disability benefits" and that "Plaintiff submitted a letter from her physician, authorizing her to return to work, on or about September 2, 2008." *See Motion* [#70] at 7. The Court finds that sanctions are unjustified in the circumstances present here. First, Plaintiff has copies of the only relevant e-mails that have been proven to exist; nothing in this Order prevents their use at trial, where the trier-of-fact may draw whatever conclusions are appropriate from them.[6]

---

[5] The parties do not dispute that the e-mails in question fall within the one-year preservation period required by 29 C.F.R. § 1602.14.

[6] The Court makes no comment on whether the e-mails will be admissible at trial, but nothing in this Order prevents their introduction into evidence.

Second, aside from unsubstantiated accusations, Plaintiff has provided no evidence that the e-mails were destroyed in bad faith. Third, and relatedly, there is no evidence to show that the e-mails were destroyed in other than the normal course of business pursuant to Defendant's e-mail retention policy or that Defendant intended to withhold unfavorable information from Plaintiff. *See Northington v. H & M Intern.*, No. 08-CV-6297, 2011 WL 663055, *18 (N.D. Ill. Jan. 12, 2011). Accordingly, the Court finds no bad faith on the part of Defendant and, thus, that no adverse inference or other instruction should be permitted at trial based on the arguments set forth in the Motion. *See Martinez v. Abbott Labs.*, 171 Fed. App'x 528, 531 (7th Cir. 2006) (finding the same on similar grounds); *see also Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002) ("absent bad faith, a violation of 29 C.F.R. § 1602.14, the EEOC record retention regulation, would not automatically trigger an adverse inference").

Plaintiff also seeks reasonable attorneys' fees and costs expended in connection with the Motion. *See Motion* [#70] at 7. Although Defendant violated its obligation to retain certain e-mail communications, the Court has found that Defendant did not do so in bad faith. Moreover, there is no evidence that Plaintiff has been prejudiced by Defendant's actions. Under these circumstances, an award of attorneys' fees is not appropriate. *See, e.g., Vanguard Envtl., Inc. v. Kerin*, 528 F.3d 756, 758-60 (10th Cir. 2008) (affirming trial court's denial of attorneys' fees where the moving party failed to provide sufficient evidence of the opposing party's bad faith and no other exceptional circumstances existed).

### IV. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#70] is **DENIED**.

Dated: April 23, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge